AMERICAN CIVIL LIBERTIES UNION
OF OREGON, INC. et al, *Petitioners,*

*v.*

PAULUS, *Respondent,*
and
OREGONIANS OPPOSED TO STATE
FINANCED ABORTIONS, *Intervenors.*
(SC 25715)

580 P2d 171

See also 580 P2d 168.

Ann Morgenstern, Portland, argued the cause for petitioners. With her on the brief was Karen K. Creason.

John A. Reuling, Jr., Senior Assistant Attorney

General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General.

Michael J. Walsh, Portland, argued the cause and filed a brief for intervenors.

PER CURIAM.

**PER CURIAM.**

Petitioners challenge the ballot title prepared by the Attorney General for a proposed initiative measure.

The proposed measure reads, in its entirety:

> Notwithstanding any other provision of law, no agency of this state shall expend State monies for abortions or provide programs or services that promote abortion.

The Attorney General filed the following title with the Secretary of State:

> PROHIBITS STATE EXPENDITURES, PROGRAMS OR SERVICES FOR ABORTION. Measure prohibits any state agency from spending any state money for abortions, and from providing any programs or services promoting abortion.

The standard for ballot titles prescribed by ORS 254.070 is that the title, in not more than 75 words, provide "a concise and impartial statement of the purpose of the measure."

■ Petitioners contend that the proposed title "merely parrots the language of the measure" without fairly communicating the purposes of the initiative. Specifically, according to petitioners, the title fails to spell out the impact of the measure on dissemination of information or advice by state agencies concerning abortion services available from others than the agency.[1] Respondent argues that "the measure speaks for itself," and that the "title most informative to the voters, and the only title that would conform to the statutory requirements, is a title which sets forth exactly what the measure provides in virtually the same words."

---

[1] Petitioners also criticize the proposed ballot title because it does not spell out that "abortions" means all abortions, including abortions performed to save the life of the pregnant woman or to terminate pregnancy resulting from rape or incest. The ballot title cannot be faulted on that score; both it and the measure refer to "abortions" pure and simple.

If respondent means that any title for a measure of less than 75 words is proper if it sets forth the measure verbatim, the argument proves too much. In far fewer words than that a proposed measure could repeal half the tax laws or criminal laws of the state. Obviously the Attorney General's duty under ORS 254.070 would be to explain what was being repealed, not merely to list the code sections in the ballot title.

██  It is part of the function of the ballot title to explain the purpose of a legal text that otherwise is obscure to laymen, so far as this is possible without prejudging future disputes about its meaning. The precise meaning of a vague and general initiative proposal may often be doubtful. When the measure proposes to forbid "programs" in general terms, the Attorney General cannot be expected to provide a list or description of everything that may presently be done by someone, within or without official instructions, that might later be argued to be forbidden by the measure if it is adopted. We shall not, in passing on a mere ballot title, decide what might be meant by "programs or services that promote abortion," nor what is an "agency of this state" for purposes of this measure, and we do not expect the Attorney General to do so in writing the title. In the case of the present proposal, his discretion to let the measure speak for itself may have been the better part of valor. In any event, we cannot say that it is not a concise and impartial statement of the purpose of the measure.

The ballot title as filed by the Attorney General is certified to the Secretary of State.