Argued and submitted September 10, ballot title certified as modified October 15, 1985

ELLIS et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S32057)

707 P2d 1226

Robert D. Durham, Portland, argued the cause for petitioners. With him on the petition were Henry H. Drummonds, Paul B. Gamson, and Kulongoski, Durham Drummonds & Colombo, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the response to the petition were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

CARSON, J.

**CARSON, J.**

Petitioners Ellis and Crumpton challenge a ballot title prepared by the Attorney General for an initiative that would amend the Oregon Constitution by limiting the property tax that could be levied during any one year. We review pursuant to ORS 250.085(4).[1]

The Attorney General filed the following ballot title with the Secretary of State:

"CONSTITUTIONAL PROPERTY TAX LIMIT TO 95% PRIOR YEAR'S TAX

"QUESTION: Shall constitution abolish tax bases, limit property tax to 95% of prior year unless majority vote approves higher tax?

"EXPLANATION: Amends Constitution. Limits property tax levy for operating purposes (defined to exclude taxes for bonds and serial levies for non-operating purposes) to 95% previous year's taxes for operating purposes. Allows taxes above this limit with majority voter approval. Permits two votes yearly on taxes exceeding limitation. Abolishes tax bases. Legislature may adjust levying authority if taxing unit boundary changes. Requires market value assessment for property not specially assessed. Mobile home taxed as real property."

Petitioners challenge the ballot title as being insufficient and unfair[2] in four ways. They contend that the ballot title unfairly and insufficiently identifies the focus of the proposed initiative measure, fails to mention that the proposed measure would repeal a section of the Oregon Constitution, misstates the provisions dealing with mobile homes, and

---

[1] ORS 250.085(4), as amended by Oregon Laws 1985, chapter 447, section 4, provides:

"The court shall review the title for substantial compliance with the requirements of ORS 250.035 and 250.039, and shall certify a title meeting this standard to the Secretary of State."

[2] We note that after the petition and response were filed with this court and after oral argument, Oregon Laws 1985, chapters 405 and 447 became effective. The legislature has changed the test to be applied upon review by this court of ballot titles from one of determining whether the ballot title is insufficient, not concise or unfair to whether the ballot title substantially complies with the governing statutes (ORS 250.035 and 250.039). Because this ballot title proceeding spans both the old and the new tests, we have applied both tests.

is likely to mislead the public about the proposed measure's true nature and its effect on individual property owners.

The Attorney General, in response to petitioners' arguments, concedes that the original ballot title was insufficient and offered the following alternative:

"CONSTITUTIONAL PROPERTY TAX LIMIT TO 95% DISTRICT'S PRIOR YEAR LEVY

*"QUESTION:* Shall constitution limit property tax levies to 95% of prior operating levy unless voters approve increase, present limits be repealed?

*"EXPLANATION:* Amends constitution. Limits property tax which a district may levy without voter approval for operating purposes to 95% of prior year's operating levy. Voters may approve levy increase. Not more than two votes in one year. Next year's limit is 95% of increased amount. Legislature may adjust limit if boundaries change. All property not specially assessed must be assessed at market value. Taxable mobile homes assessed as real property. Repeals present property tax limits, tax bases."

The requirements of a fair and sufficient ballot title are set out in ORS 250.035.[3]

## THE CAPTION

■ Petitioners argue that the Caption potentially is misleading. The measure proposes to limit the total amount which a taxing district may levy, not the tax rate it may set. The Attorney General agrees with this point and proposed an amendment to the Caption in his alternative ballot title.

■ Petitioners also argue that the Caption should mention that the proposed measure would amend the Oregon

---

[3] ORS 250.035(1), as amended by Oregon Laws 1985, chapter 405, section 1, provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which identifies the subject matter of the measure;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

Constitution. We find that these arguments have merit and have constructed the following Caption:

AMENDS CONSTITUTION. LIMITS TAX LEVY TO 95% PRIOR YEAR'S LEVY

## THE QUESTION

By statute, the Question is to state the purpose of the measure. ORS 250.035(1)(b). Petitioners argue that the Question here should disclose that the amendment would guarantee no individual reductions in property taxes. The ballot title is not the appropriate place for petitioners' views of what the *effects* flowing from the measure will or will not be. *Kouns v. Roberts,* 299 Or 487, 493, 704 P2d 100 (1985). The purpose of the proposed measure is to limit the amount that a taxing district may levy to 95 percent of its previous year's operating levy without voter approval. The Attorney General's suggested alternative Question gives a fair and sufficient statement of that purpose.

## THE EXPLANATION

ORS 250.035(1)(c) requires that the Explanation be a "concise and impartial statement of not more than 75 words of the chief purpose of the measure." Petitioners argue that the Explanation, as certified to the Secretary of State, misstates the treatment given to mobile homes by the proposed measure. Subsection (6) of the measure provides that mobile homes subject to ad valorem taxes would be assessed as real property. The Explanation states that they would be taxed as real property. The Attorney General agreed with petitioners on this point and the change is reflected in the Explanation in the suggested alternative ballot title that he submitted.

At oral argument, petitioners argued that the last sentence of the Attorney General's alternative ballot title should be at the beginning, following "Amends constitution." The Attorney General stated that sentence should be either first or last. We agree with petitioners and have moved the sentence accordingly.

In conclusion, pursuant to ORS 250.085(4), we certify to the Secretary of State the following ballot title:

AMENDS CONSTITUTION. LIMITS TAX LEVY TO 95% PRIOR YEAR'S LEVY

QUESTION: Shall Constitution limit property tax levies to 95% of prior operating levy unless voters approve increase, present limits be repealed?

EXPLANATION: Amends constitution. Repeals present property tax limits, tax bases. Limits property tax which district may levy without voter approval for operating purposes to 95% of prior year's operating levy. Voters may approve levy increase. Not more than two votes in one year. Next year's limit is 95% of increased amount. Legislature may adjust limit if boundaries change. All property not specially assessed must be assessed at market value. Taxable mobile homes assessed as real property.

Ballot title certified as modified.