Argued and submitted November 4, 1987, ballot title certified as
modified January 6, 1988

In the Matter of the Ballot Title of
Robert J. Wright's Initiative Petition,
along with its "Caption," "Question" and "Explanation"
written by Oregon's Attorney General,

REED,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S34470) (Control)

WRIGHT,
*Petitioner,*

*v.*

ATTORNEY GENERAL,
*Respondent.*

(SC S34469)

DILORENZO,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S34479)
(Cases consolidated for opinion)

748 P2d 542

Robert J. Wright, Noti, and John Miller Reed, Jr., Eugene, each filed a petition and argued the cause as petitioners *pro se.*

John DiLorenzo, Jr., Portland, filed a petition and argued the cause as petitioner. On the petition was Moshofsky, DiLorenzo & Dietz, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents Secretary of State and Attorney General. With him on the answering memoranda were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

CARSON, J.

## CARSON, J.

In this proceeding (consolidated for the purposes of argument and opinion), petitioners Reed, Wright and DiLorenzo challenge a ballot title certified by the Attorney General.

Petitioner Wright filed a prospective initiative petition which proposed the following measure:

---

### "A BILL FOR AN ACT

"ANY PERSON, CORPORATION OR OTHER ENTITY SHALL BE PERMITED [*sic*] TO REPRESENT THEM-SELVES BEFORE ANY COURT IN THE STATE OF OREGON. NO PERSON SHALL BE COMPELLED BY LAW TO EMPLOY ANY MEMBER OF ANY BAR ASSO-CIATION.

---

### "REPEALING ·

"**9.320  Necessity for employment of attorney; effect of employment.**  Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a corporation appears by attorney in all cases, unless otherwise specifically provided by law. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of his client as between him and the adverse party, except as provided in ORS 9.310.

"**9.160  Practice of law by persons other than active members.**  Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent himself as qualified to practice law unless he is an active member of the Oregon State Bar."

The Attorney General then prepared a draft ballot title for the measure. ORS 250.065(3). Within the time set by ORS 250.067(1), each petitioner submitted written comments upon the draft ballot title. The Attorney General, pursuant to ORS 250.067(2), then certified to the Secretary of State the following revised ballot title:

## "ALLOWS PERSONS OTHER THAN BAR ASSOCIATION MEMBERS TO PRACTICE LAW

*"QUESTION:* Shall law allow anyone to represent itself in court and forbid any laws requiring persons to employ bar association members?

*"EXPLANATION:* Allows any person, corporation or entity to represent itself in Oregon courts. Forbids any law compelling persons to employ member of bar association. Repeals law which allows persons who are parties in legal proceedings to represent themselves, but which requires state and corporations to be represented in legal proceedings by attorneys. Repeals law which prohibits persons from practicing law or acting as qualified to practice law unless person is active member of Oregon State Bar."

Thereafter, each petitioner sought a different ballot title in this court. ORS 250.085(2).

■     The legislatively prescribed standard for this court in reviewing ballot titles is "substantial compliance" with the requirements of ORS 250.035 and 250.039. ORS 250.085(4). This standard was introduced by amendment in 1985.[1] It corresponds to other 1985 statutory changes which, taken together, indicate a greater role for the Attorney General in certifying ballot titles pursuant to delegated authority.[2]

ORS 250.039 requires that a ballot title comply with a readability standard set by the Secretary of State "to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

■     ORS 250.035 establishes formal requisites for ballot titles.[3] The statute mandates three components:

---

[1] Or Laws 1985, ch 447, § 6. This court earlier reviewed ballot titles to determine whether they were "insufficient, not concise or unfair." *See* ORS 250.085(1) (amended by Or Laws 1985, ch 447, § 6); *Ellis v. Roberts,* 300 Or 133, 135 n 2, 707 P2d 1226 (1985); *Fithian-Barrett v. Paulus,* 296 Or 819, 822, 680 P2d 381 (1984).

[2] *See* Or Laws 1985, ch 447, §§ 4-5 (new sections providing for submission of written comments on draft ballot title to Attorney General who then certifies the draft or a revised ballot title).

[3] ORS 250.035 provides:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the

(1) A *caption* which reasonably identifies the measure's *subject;*

(2) A *question* which plainly phrases the measure's *chief purpose;* and

(3) A concise and impartial statement *(i.e.,* an *explanation)* which summarizes the measure and its *major effect.*

In part, these requisites were shaped by 1987 legislative amendments. The amendments took effect after the Attorney General certified the ballot title at issue here on September 16, 1987. The Attorney General argues, accordingly, that the title should be reviewed under the law in effect at the time of certification. Although we recognize the movement of the goal posts from the time the Attorney General performed his statutory duty of certification, we conclude that we should use the statutorily-required requisites in effect at the time of our review. This is not a case where we can accommodate both the old law and the new law. *See Ellis v. Roberts,* 300 Or 133, 135 n 2, 707 P2d 1226 (1985). We review, therefore, for substantial compliance with ORS 250.035, as that statute was amended by Oregon Laws 1987, chapter 556, section 1, and Oregon Laws 1987, chapter 875, section 1, both effective September 27, 1987, and ORS 250.039.

## I. THE CAPTION
### (Subject of the Measure)

The proposed measure concerns representation of litigants in court. Its import is to allow anyone to represent himself, herself or itself in an Oregon court. More precisely, the measure aims to repeal restrictions found in ORS 9.320, prohibiting corporations and the state from appearing in court without an attorney.

The measure goes further, however. Its subject also is the removal of any requirement for state bar membership to

---

subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect.

"(2) The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

practice law in *or* out of court. The Attorney General correctly identified the subject and thus substantially complied with the statutory requirement. We, therefore, certify the following Caption, modified only to reflect that there is no state bar "association":

## ALLOWS PERSONS OTHER THAN STATE BAR MEMBERS TO PRACTICE LAW

## II. THE QUESTION
(Chief Purpose of Measure)

ORS 250.035(1)(b) sets forth the requirements for the Question. The statute was amended in 1987 to change the requirement from stating "the purpose of the measure" to one requiring that the question plainly phrase the measure's "chief purpose." Or Laws 1987, ch 556, § 1.

■■   Ballot titles have been required to express the "purpose" of a proposed measure since the people reserved to themselves the initiative and referendum power. *See* General Laws of Oregon 1907, ch 226, § 5. This court, however, never has construed specifically the word "purpose." "Purpose" does suggest, in a dictionary sense, the end or aim which someone keeps in view as the outcome for which effort is expended.[4] "Chief purpose" thus suggests the most significant aim or end which a measure is designed to bring about.[5]

■   This still leaves the question, however, how to determine the "chief purpose" of a proposed measure. The legislative history of the bill that enacted the "chief purpose" requirement suggests that it should be determined in a manner analogous to legislation. That is, the proposed measure should be reviewed for its unambiguous language and the context in which it was drafted and for statements made by its

---

[4] *See* Webster's Third New International Dictionary 1847 (1971).

[5] At the Senate Committee Hearing on HB 2947 (which enacted the present Question requisite regarding "chief purpose"), Mr. Robert Muir appeared for the Department of Justice and reportedly suggested a definition of "chief purpose" as "that which is principal or which dominates all the others." Minutes, Senate Committee on Government Operations & Elections, Hearing on HB 2947, June 3, 1987, p 11.

sponsors.[6] Context would include the legal context, as well as the more particular circumstances under which a measure is drafted.

At present, only the state and corporations are required to appear in court through an attorney. ORS 9.320. Individuals may appear in their own behalf. In his brief to the court, petitioner Wright, the "sponsor" of the measure, urges that he proposed the measure "to extend self representation to corporations and other entities the [sic] individual already has the right to self representation."

■ However, the unambiguous language of the measure suggests a dual purpose. First, it aims to allow anyone to appear in court without an attorney. Secondly, it aims to remove any requirement for state bar membership to practice law. Although the statement of the sponsor is limited to the first aspect of the purpose, the inclusion in the measure of the repeal of ORS 9.160 compels the conclusion that the chief purpose has the second aspect noted above. To ignore that aspect of the measure would be to disregard the unambiguous language of the measure. Further, the legal context in which the measure was drafted, in light of the proposed repeal of ORS 9.160, confirms the dual aspect of the chief purpose. Because the Attorney General's Question does not plainly phrase the chief purpose, we certify the following Question:

> Shall law repeal state bar membership requirement to practice law and allow corporations to appear in court without an attorney?

The Question, as modified, disposes of an objection made by petitioner DiLorenzo: That the Attorney General's Question incorrectly suggests that current law prohibits individuals from representing themselves in court.

---

[6] At the hearing cited in n 5, *supra,* Mr. Muir also is reported to have responded to a question by Senator Simmons as to how to determine "chief purpose." Mr. Muir suggested that the Department of Justice intended to proceed as it did with legislation. That is, the Department would review the language for unambiguous intent, the circumstances under which it was drafted, statements by its sponsors, etc. Minutes, Senate Committee on Government Operations & Elections, Hearing on HB 2947, June 3, 1987, p 11.

## III.   THE EXPLANATION
### (Summary and Major Effect)

■   The 1987 Legislative Assembly made a significant change in ORS 250.035(1)(c), by requiring the explanation henceforth to summarize the measure's "major effect." *See* Or Laws 1987, ch 875, § 1. Ballot titles previously never had been required to set forth a measure's "effect."

■   This legislative reversal also marked a departure from this court's earlier pronouncements that statements about the effects of proposed measures do not have a place in ballot titles. *See ACLU v. Paulus,* 282 Or 539, 544, 580 P2d 168 (1978); *Crabtree v. Paulus,* 296 Or 325, 327, 675 P2d 488 (1984). One consequence of the change is that Questions and Explanations may not necessarily resemble one another because "chief purpose" and "major effect" may not, for a given measure, be the same.[7]

The proposed measure here, if approved by the electorate, would allow corporations and "other entities" to appear in court without an attorney. Because corporations and at least some "other entities"[8] may appear in court only through a representative, the clear import of this change is to allow, by statute, non-attorneys to appear in court representing corporations and "other entities."

The proposed measure also, however, prohibits persons from being "compelled by law to employ any member of any bar association." Current law does not require, of course, anyone to use an attorney for a legal matter of any kind, with one exception. That exception requires corporations and the state to appear in court through an attorney. ORS 9.320.

■   Current law does prohibit, however, the rendition of legal services to others by one not a member of the Oregon State Bar. ORS 9.160. The measure repeals this prohibition, and it is this repeal which constitutes the measure's major

---

[7] We also note that the Caption adds to the potential for confusion. It requires reasonable identification, not of "chief purpose" or "major effect," but of the measure's "subject." ORS 250.035(1)(a).

[8] For instance, business trusts must be represented in court by an attorney. *Marguerite E. Wright Trust v. Dept. of Rev.,* 297 Or 533, 535-37, 685 P2d 418 (1984).

effect. The proposed measure thus goes beyond allowing corporations and "other entities" to appear in court without an attorney; it also removes the requirement for state bar membership to practice law.

The Attorney General's Explanation attempts, but fails, to convey the major effect in the proposed second sentence in the certified ballot title. In addition, the Explanation fails, in part, to summarize the measure because the first sentence is over-inclusive: "Persons" already have the right to represent themselves in court, and the proposed measure in no way changes that. We therefore certify the following Explanation:

> Repeals law requiring state bar membership to practice law. Allows corporations, the state or other entities to appear in court without an attorney. Does so by repealing law which allows persons who are parties in legal proceedings to represent themselves, but which requires the state and corporations to be represented in legal proceedings by attorneys, and repealing law which prohibits persons from practicing law or acting as qualified to practice law unless person is active member of Oregon State Bar.

The Explanation, as modified, disposes of the objections made to the Attorney General's Explanation by petitioner DiLorenzo. Petitioner DiLorenzo contends that the Attorney General's Explanation impermissibly suggests that current law requires individuals: (1) To employ state bar members for legal matters outside court; and (2) To pay for legal services. Neither is suggested by the modified Explanation.

Petitioner DiLorenzo also urges that the ballot title should convey the requirements for Oregon State Bar membership. We do not agree that the ballot title should convey this information, because such amounts more to an argument on the measure.

In summary, we certify the following ballot title to the Secretary of State:

ALLOWS PERSONS OTHER THAN
STATE BAR MEMBERS
TO PRACTICE LAW

QUESTION: Shall law repeal state bar membership requirement to practice law and allow corporations to appear in court without an attorney?

*EXPLANATION:* Repeals law requiring state bar membership to practice law. Allows corporations, the state or other entities to appear in court without an attorney. Does so by repealing law which allows persons who are parties in legal proceedings to represent themselves, but which requires the state and corporations to be represented in legal proceedings by attorneys, and repealing law which prohibits persons from practicing law or acting as qualified to practice law unless person is active member of Oregon State Bar.

Ballot title certified as modified.