Argued and submitted July 11, resubmitted July 20, ballot title certified as modified
December 1, 1995

## Ann Virginia BARTSCH,
*Petitioner,*

*v.*

## Theodore KULONGOSKI,
Oregon Attorney General,
*Respondent.*

(SC S42354)

906 P2d 815

George A. Riemer, Lake Oswego, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

GILLETTE, J.

Durham, J., concurred and filed an opinion.

Unis, J., dissented and filed an opinion.

**GILLETTE, J.**

This is an original proceeding in which petitioner challenges a ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2) and (5). For the reasons that follow, we modify the Attorney General's ballot title.

The proposed initiative measure provides:

"AN ACT

"Relating to Independent Legal Technician and Independent Paralegals, providing affordable legal form preparation services.

"Section 1.   REPEAL - ORS 9.160 PRACTICE OF LAW BY PERSONS OTHER THAN ACTIVE MEMBERS. Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law [or] represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar.

"Section 2.   NEW SECTION. Except for the rights reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, and independent legal technicians and independent paralegals assisting in the selection of forms, and (but not limited to), drafting, and filling in the blanks on per-printed [*sic*] legal forms, as well as computer software programs generating legal forms. [*sic*] No person shall practice law or represent that person in court without being qualified to practice law unless that person is an active member of the Oregon State Bar.

"Section 3.   THIS ACT TAKES AFFECT [*sic*] JANUARY 1, 1997."[1]

---

[1] We have set out the proposed measure verbatim, with one exception. Our insertion of "or" in Section 1 of the proposed measure is based on what appears to be the incontestable proposition that the drafters' intent in that section was to quote fully the present text of ORS 9.160. The interlineation of "[*sic*]" in sections 2 and 3 of the proposed measure calls attention to the problematical English, both in terms of grammar and punctuation, present in those two sections.

The Attorney General has certified the following ballot title for that proposed measure:

"ALLOWS ANY PERSON TO SELECT,
PREPARE LEGAL FORMS WITHOUT LICENSE

"QUESTION: Shall statute allow any person to select, draft and fill in legal forms, perform other legal tasks, without law license?

"SUMMARY: A statute now forbids any person to practice law unless licensed to do so, except that persons may represent themselves. The measure would repeal and replace that statute. The new statute would keep similar provisions, but would allow any person to help select legal forms without a law license. It also would allow any person to perform other legal services without a license, including but not limited to preparing and filling in legal forms for other people."

Under ORS 250.085(5) (1993),[2] we review ballot titles for substantial compliance with ORS 250.035 (1993) and *former* 250.039.[3] Petitioner challenges the Caption, the Question, and the Summary in the Attorney General's ballot title. Because she attacks all three portions of the Attorney General's ballot title under a single rationale, we discuss the issue raised in a unitary fashion.

■■   Petitioner argues:

"[T]he measure is broader than described by the [A]ttorney [G]eneral. Petitioner believes the measure, as worded, permits anyone to practice law."

---

[2] The 1995 legislature amended ORS 250.035 and ORS 250.085, and repealed ORS 250.039. Or Laws 1995, ch 534, §§ 1, 2 & 19. Those changes, however, do not apply to the ballot title in this case. *See* Or Laws 1995, ch 534, § 20 (act applies to initiative petitions for which prospective petition is filed on or after effective date of act). The prospective petition in this case was filed before the effective date of the 1995 act, July 7, 1995.

[3] ORS 250.035(1) (1993) provided:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

*Former* ORS 250.039, *repealed by* Or Laws 1995, ch 534, § 19, required ballot titles to comply with a minimum standard of readability.

She takes this view based on the inclusion, in Section 2 of the proposed measure, of the parenthetical phrase, "(but not limited to)," in that portion of the section that authorizes "independent legal technicians and independent paralegals" to assist "in the selection of forms, and (but not limited to), drafting, and filling in the blanks on [pre]-printed legal forms, as well as computer software programs generating legal forms."[4] Petitioner points out — correctly — that the terms "independent legal technicians" and "independent paralegals" have no established meaning in the law. From this, she reasons, the authorization in Section 2 of the proposed measure for "independent legal technicians" and "independent paralegals" to do certain things is, in reality, an authorization to *any person* to do those things. Petitioner thus is arguing that the parenthetical phrase, "(but not limited to)," "offers the possibility" (her words) that any person could engage in the full range of the practice of law without a license.

In response, the Attorney General agrees that it is at least *possible* that the proposed measure goes as far as petitioner's reading of it suggests.[5] The Attorney General argues, however, that it is far more likely that the phrase that so troubles petitioner was meant to indicate only that "independent legal technicians" and "independent paralegals" would be permitted to perform other tasks of a nature similar to those enumerated regarding legal forms.

■■ When it appears that more than one reading of the wording of a contested measure is plausible, our precedents are clear that it is inappropriate for this court, at this stage, to resolve such an ambiguity in the measure. *See, e.g., Aughenbaugh v. Roberts*, 309 Or 510, 516, 789 P2d 656 (1990) (improper for court to choose between competing

---

[4] Petitioner takes no issue, beyond describing its English as "nonsensical," with what may (or may not) be a roundhouse swipe at the legal profession in the second sentence of Section 2: The proposed measure there states that no person "shall practice law * * * without being qualified to practice law *unless that person is an active member of the Oregon State Bar*." (Emphasis added.) The negative pregnant of this sentence, of course, is that it is all right to practice law, although one is not qualified to do so, so long as one is a member of the Bar. We would be more inclined to credit the sponsor of the measure with a certain amount of inspired whimsy, were it not for the glaring grammatical and punctuation errors in the balance of the proposed measure.

[5] For her part, petitioner also appears to agree that the Attorney General's reading of the proposed measure is a permissible one.

interpretations of measure at ballot title stage). Indeed, in the face of such ambiguity, use in the ballot title of the actual wording of the measure usually is the preferred choice under the requirements of ORS 250.035 (1993).[6] *Ibid.*

We say "usually," while noting that the Attorney General chose to depart from the usual path in this case. He did so because he was persuaded, by comments made by petitioner during the process for reviewing the original proposed ballot title, that use of the measure's terms — "independent legal technicians" and "independent paralegals" — would create a problem, because neither of those terms has any independent significance outside the measure itself. We agree with the Attorney General's choice. There is no other source of law that permits the Attorney General or this court (or, even more to the point, a voter) to know who is authorized to perform the acts enumerated by the proposed measure.

Because the two terms at issue had no outside definition, any person choosing to call herself or himself either an "independent legal technician" or an "independent paralegal" would, by virtue of that self-designation, presumably be authorized to do whatever it is that the act authorizes such persons to do. It was for that reason that the Attorney General chose to amend his original proposed ballot title to state that "any person" would be authorized to do whatever it was that the measure otherwise permitted.

Petitioner is not satisfied with the foregoing modification by the Attorney General, however. As already indicated, she is of the view that the measure permits the general practice of law by any person, and she therefore argues that the ballot title should say so.

The Attorney General's position, as we understand it, is that, unlike the question of *who* may act pursuant to the terms of the proposed measure, the issue of *what* those persons may do is far more complex. Some things that those persons may do are clear. Others — those covered by the parenthetical — are subject to debate and, therefore, are not matters as to which it was appropriate for the Attorney

---

[6] Petitioner makes no separate assertion under *former* ORS 250.039. We therefore do not address that provision.

General (or this court) to decide now. The Attorney General, therefore, concludes that an enumeration of those acts specifically authorized by the proposed measure, together with his verbatim use of the parenthetical that is the source of petitioner's concern, tells the voter as much as can be said about the measure's effect, without purporting to unravel the knot concerning the scope of the parenthetical. We disagree in part with both parties.

Our disagreement is with both parties' common premise, *viz.*, that the proposed measure plausibly may be read to authorize any person to practice law in respects other than those relating to legal forms. It is true that Section 1 of the proposed measure purports to repeal ORS 9.160, the provision of law that presently limits the practice of law to persons who are active members of the Oregon State Bar. But Section 2 of the proposed measure then would re-enact the substantive provisions of the present ORS 9.160, interlineating the matter concerning what "independent legal technicians" and "independent paralegals" may do. Although that rewording is not artfully done — indeed, it is scarcely comprehensible — we do not perceive any basis for reading the new provision's inclusion of the parenthetical, "(but not limited to)," to do anything more than invoke the principle of *ejusdem generis*. That is, the measure would authorize the aforementioned persons to perform other tasks *of like kind to those enumerated* in the measure. We do not agree with the proposition that, were it to be enacted by the people, the proposed measure could be read to permit any person to practice law in this state.

It follows from the foregoing that the Attorney General's ballot title as written does not comply substantially with the requirements of ORS 250.035 (1993). The ballot title must be modified to reflect the limited scope of the proposed measure. This can be accomplished with minimal adjustments to its present text:

The Caption. The Caption is adequate as written.

The Question. The phrase in the present Question, "perform other legal tasks," can be made more definite. It is modified to read, "perform similar legal tasks."

The Summary. The inclusion of the phrase, "including but not limited to," in the last sentence of the Summary is not sufficiently definite. That last sentence is modified to read, "It also would allow any person to fill in legal forms for other people and perform other similar legal services concerning forms without a license."

Pursuant to ORS 250.085(5), we certify the following ballot title to the Secretary of State:

## ALLOWS ANY PERSON TO SELECT, PREPARE LEGAL FORMS WITHOUT LICENSE

QUESTION: Shall statute allow any person to select, draft and fill in legal forms, perform similar legal tasks, without law license?

SUMMARY: A statute now forbids any person to practice law unless licensed to do so, except that persons may represent themselves. The measure would repeal and replace that statute. The new statute would keep similar provisions, but would allow any person to help select legal forms without a law license. It also would allow any person to fill in legal forms for other people and perform other similar legal services concerning forms without a license.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(9).

**DURHAM, J.,** concurring.

I join the majority's result, but write separately to express my reason.

The majority certifies a ballot title that is different from that certified by the Attorney General. I believe that that action violates the separation of powers principle stated in Article III, section 1, of the Oregon Constitution. However, I concur with the majority's action for the reasons expressed in my concurring opinion in *Sizemore v. Kulongoski*, 322 Or 229, 905 P2d 1146 (1995) (Durham, J., concurring).

I also have a concern about one of the majority's statements. The majority, citing *Aughenbaugh v. Roberts*, 309 Or 510, 516, 789 P2d 656 (1990), indicates that, in the face of ambiguous wording in an initiative, "use in the ballot

title of the actual wording of the measure usually is the preferred choice under the requirements of ORS 250.035 (1993)." 322 Or 340 (footnote omitted). The majority acknowledges that that passage from *Aughenbaugh* is inapplicable here, because the Attorney General, for valid reasons, chose not to explain the measure by repeating its terms. I agree. However, I question whether the court should follow a "preference" (to use *Aughenbaugh's* term) for using a measure's ambiguous words in describing, in the ballot title, the *effect* of a measure.[1]

ORS 250.035(2), as amended by Oregon Laws 1995, chapter 534, section 1, provides:

"The ballot title of any state measure to be initiated or referred shall consist of:

"(a)   A caption of not more than 10 words that reasonably identifies the subject matter of the state measure. The caption of an initiative or referendum amendment to the constitution shall begin with the phrase, 'Amends Constitution,' which shall not be counted for purposes of the 10-word caption limit;

"(b)   A simple and understandable statement of not more than 15 words that describes the result if the state measure is approved. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote yes,' or a substantially similar phrase, which may be placed at any point within the statement;

"(c)   A simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote no,' or a substantially similar phrase, which may be placed at any point within the statement; and

"(d)   A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

---

[1] *Aughenbaugh* indicated that a measure's text should be used in a ballot title summary, "absent a compelling reason to the contrary," and cited *Sampson v. Roberts,* 309 Or 335, 340, 788 P2d 421 (1990), for that proposition. *Sampson,* in turn, cited *Glerum v. Roberts,* 308 Or 22, 27, 774 P2d 1093 (1989), for the same proposition. The point of *Aughenbaugh, Sampson,* and *Glerum* is that, in general, a ballot title should use the terms in the measure, not different terms that may convey a different meaning. Those cases do not hold that the terms in the measure necessarily convey its subject, purpose, or major effect.

Three observations about the 1995 amendments are relevant. First, under that statute, the caption identifies the "subject matter" of the measure. Although the amendment substituted the phrase "subject matter" for the former statutory term "subject," *see* ORS 250.035(1)(a) (1993) (caption identifies measure's "subject"), that change does not alter the substance of the caption's function.

Second, the legislature made no change in the function of the summary, which summarizes "the measure and its major effect." ORS 250.035(2)(c).

Third, the legislature deleted the former requirement of a 20-word question that "plainly phrases the chief purpose of the measure," ORS 250.035(1)(b) (1993), and substituted the requirement of two statements describing the "result" of approval or rejection of the measure. I refer to those new requirements as "result" statements.

The statute obligates the Attorney General and this court, in drafting the summary, to state the actual effect, *i.e.*, the practical consequences of approval of the measure. As this court said in *Fred Meyer, Inc. v. Roberts*, 308 Or 169, 175, 777 P2d 406 (1989), "[t]he purpose of the [summary] is to help voters understand what will happen if the measure is approved, and * * * the [summary] should * * * be worded so that voters will understand the breadth of its impact." In addition, the "result" statements must describe explicitly the consequences of approval or rejection of the measure.

In my view, the Attorney General and this court would not necessarily satisfy the statutory obligation to communicate the results or effects of a measure simply by repeating the measure's words. For example, if a measure proposes in terms to repeal one or more identified statutes, a ballot title summary that repeats only those operative words would fail to describe the measure's result or effect on the law or on the rights of affected persons.[2] The purpose of the result statements and the

---

[2] *Reed v. Roberts*, 304 Or 649, 748 P2d 542 (1988), illustrates the point. In *Reed*, the ballot measure sought to repeal the statute that requires state Bar membership to practice law. In modifying the ballot title's question to state the measure's chief purpose, this court added text to explain that purpose and did not merely identify the statute that the measure would repeal.

summary is to *explain the consequences* of adoption or rejection of the measure.[3]

That point takes on an extra measure of importance if the text of the measure is ambiguous. The Attorney General or this court may conclude that the text of a measure is subject to more than one plausible interpretation and that, despite best efforts to discern the drafter's intention, the words of the measure do not make its meaning clear. If an ambiguity in a measure leaves its intention unclear, the Attorney General and this court do not satisfy the statutory obligation under ORS 250.035(2)(b), (c), and (d) to state the result and effect of the measure by repeating the measure's obscure terms in the ballot title, and thereby merely perpetuating those doubts.

This case does not require a determination of the obligation of the Attorney General and this court in preparing result statements and a summary for an ambiguous initiative measure. Despite petitioner's argument to the contrary, the text of this measure does convey its meaning without ambiguity, as the majority holds. It may be that the ballot title for an ambiguous measure should identify the ambiguity and either acknowledge that the ballot title cannot state the result and effect of the measure, because it is ambiguous, or attempt to describe the anticipated results and effects under each of the disputed plausible interpretations of the measure. I express no opinion on the resolution of that issue, except to emphasize that repetition in a ballot title of ambiguous terms in a measure rarely would satisfy the statutory obligation to state the measure's result and effect.

I concur.

**UNIS, J.,** dissenting.

I adhere to my view that, to the extent that ORS 250.085(5) (1993) gives this court jurisdiction to draft and certify a ballot title for a proposed initiative measure that is different than the one certified by the Attorney General, that

---

[3] *See ACLU v. Paulus,* 282 Or 547, 550, 580 P2d 171 (1978) ("It is part of the function of the ballot title to explain the purpose of a legal text that otherwise is obscure to laymen, so far as this is possible without prejudging future disputes about its meaning.").

statute violates the principle of separation of powers embodied in Article III, section 1, of the Oregon Constitution. *Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting). I would, therefore, dismiss this case for lack of jurisdiction.