Submitted on the record December 28, 2001, ballot title referred to Attorney General for modification February 28, 2002
Modified ballot title certified March 15, 2002 (333 Or 561, 41 P3d 1087)

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49089)

41 P3d 416

Margaret S. Olney, Smith, Gamson, Diamond & Olney, Portland, filed the petition for petitioners.

Erika L. Hadlock, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

In this ballot title review proceeding, petitioners challenge the caption, the "yes" vote result statement, and the summary of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 132 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review).

The proposed measure would add a new, five-part section to the Oregon Constitution. The section deals with citizen-initiated ballot measures that, for one or another reason, either have been declared invalid after enactment or have been subject to court orders enjoining the counting of election returns respecting their adoption. The first part of the amendment would direct the chief petitioners of the measure, "working in good faith with the office of the legislative counsel," to rewrite the measure "in a manner that replicates the effect of the voter-approved measure, doing nothing more or less than curing the technical fault or faults" that led to the court action in question. When that task is completed, the Secretary of State is directed "at the earliest available election date" to submit the rewritten measure to the public. The ballot title used for the measure when it last was presented to the voters is to be used again "to the extent practical," but the ballot title summary also must contain the following statement:

> "Voters approved this measure in another form at a previous election, but a court nullified the original measure or prevented it from going into effect for one or more technical reasons. This measure is a rewritten version of the original voter-approved measure and has the same effect as the original, except the technical problems(s) found by the court in the original voter-approved measure has (have) been cured."

The second part of the proposed constitutional amendment defines "technical grounds"—the term that the amendment uses throughout to describe the reasons that a

court might invalidate a voter-approved ballot measure. Those "technical grounds" include such constitutional standards as the single subject, single amendment, separate vote, and full text requirements, "or any other such requirement that is procedural or technical in nature."

The third part of the proposed constitutional amendment makes its provisions applicable retroactively, so that it applies to "all court decisions issued on or after November 7, 2000." The fourth part of the amendment vests this court with original jurisdiction over "all challenges to voter-approved measures that are based on one or more alleged technical violations and are filed after the effective date of this section." Finally, the fifth part of the proposed amendment provides a single exception to its scope: "Nothing in this section shall be construed as requiring a measure to be resubmitted to voters if it has been found to be in violation of the U.S. Constitution."

■　The Attorney General's certified ballot title for Initiative Petition 132 (2002) contains the following caption:

> "AMENDS CONSTITUTION: REQUIRES
> CHIEF PETITIONERS TO REWRITE CERTAIN
> INVALIDATED MEASURES; REQUIRES SUB-
> MISSION OF REWRITTEN MEASURES TO VOTERS"

Petitioners assert that the caption is inadequate in that it fails to state that the proposed measure, if adopted, would apply retroactively. The Attorney General concedes that he has erred in not mentioning that aspect of the proposed measure in the caption. We accept that concession. Part of the subject of the proposed measure is the retroactive application to any court decisions made after November 7, 2000, that invalidate initiated measures on any of the grounds listed in the proposed measure. The ballot title must be referred to the Attorney General for modification. ORS 250.085(8).

■　Petitioners next assert that the "yes" result statement in the Attorney General's ballot title is insufficient, because it also fails to mention that the proposed measure would apply retroactively. Petitioners are correct that,

because the "yes" result statement contains the same defect as the caption, it also must be modified.

Finally, petitioners challenge the summary in the Attorney General's ballot title on three grounds. We discuss each separately.

■ Petitioners assert that the summary is inadequate because its single mention of the retroactivity of the proposed measure, "[a]pplies retroactively to November 7, 2000," fails to state that the retroactive application is with respect to court decisions rendered after that date. The Attorney General concedes that the further information must be included, in order for the summary to meet statutory requirements. We accept that concession.

■ Petitioners next take issue with the Attorney General's decision to use the descriptor, "procedural," as an adjective to identify the various grounds for invalidating voter-approved initiatives that are listed in the second part of the proposed measure. Petitioners argue that the use of that word trivializes the various constitutional and other grounds for invalidating measures. We find no defect. As the Attorney General points out, the word "procedural" is used in the context of listing the specific grounds for invalidation that are set out in the proposed measure itself. Taken together, the adjective and the list accurately inform voters of the proposed measure's scope and meaning.

■ Finally, petitioners object to the following sentence in the summary: "Requires invalidated measure's chief petitioner, working with legislative counsel, to rewrite measure, correcting procedural problems while replicating original measure's effect." Petitioners argue that the sentence is inaccurate because the most that a chief petitioner can do is *try* to correct whatever flaws in the measure were identified by a court; only another court decision (if there is one) can determine whether the chief petitioner was successful in that regard. The Attorney General responds that the sentence to which petitioners object reflects the wording of the proposed measure itself. He explains that the wording of the proposed measure "creates an absolute requirement that petitioners 'replicate[ ] the effect of the voter-approved measure, doing

nothing more or less than curing the technical fault or faults.' "

Both positions are in some sense correct. The Attorney General is correct that the wording of the proposed measure appears to create an absolute obligation. Petitioners are correct that, before one can be assured that the obligation has been met, it may be necessary to obtain a court opinion. But the latter position is conditional and conjectural; there might never be a case raising the issue. The Attorney General's summary is focused, as it must be, on what the proposed measure purports to require. Petitioners are free to argue to the electorate that the proposed measure is unduly optimistic, but that is a matter of opinion. The Attorney General's summary is not legally insufficient in that respect.

Ballot title referred to the Attorney General for modification.