Submitted on the record March 21, ballot title certified April 25, 2002

Edwin J. PETERSON,
Kris Kain, and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49308)

44 P3d 586

Steven C. Berman and Scott A. Shorr, of Stoll Stoll Berne Lokting & Shlachter, P.C., Portland, filed the petition for petitioner Edwin Peterson. With them on the petition was

Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland, for petitioners Kris Kain and Tricia Bosak.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

Petitioners in this ballot title review proceeding challenge two aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 170 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review).

The proposed measure would add a section to Article VII (Amended) of the Oregon Constitution that would set limits on the length of time that persons may serve in various judicial offices. The initial paragraph of the proposed initiative measure begins with the phrase, "Limits on terms of judges" and contains various recitals. The proposed measure then sets out the following substantive provisions:

"(1)   No person shall serve more than twelve years as a circuit court judge in his or her lifetime. No person shall serve more than twelve years as a county judge in his or her lifetime. No person shall serve more than twelve years as a municipal court judge in his or her lifetime. No person shall serve more than twelve years as an Oregon Tax Court judge in his or her lifetime. No person shall serve more than twelve years on the Oregon Court of Appeals in his or her lifetime. No person shall serve more than twelve years on the Oregon Supreme Court in his or her lifetime.

"(2)   When a person is appointed or elected to fill a vacancy in office, then such service shall count as a full term.

"(3)   A person shall not appear on the ballot as a candidate for judge or be appointed to fill a vacancy in office, if serving a full term in such office would cause them [*sic*] to violate the limits of this section.

"Only terms of service beginning after the effective date of this section shall count towards the limits of this section."

The Attorney General has certified the following ballot title for the proposed initiative measure:

"AMENDS CONSTITUTION:  CREATES TERM LIMITS
FOR MUNICIPAL, COUNTY, CIRCUIT, COURT OF
APPEALS, SUPREME COURT, TAX COURT JUDGES

"RESULT OF 'YES' VOTE:  'Yes' vote limits judges
(except justice court judges) to serving maximum twelve
years on each type of court; service for filling vacancy
equals full term.

"RESULT OF 'NO' VOTE:  'No' vote rejects limiting
judges (except justice court judges) to serving a maximum
of twelve years on each type of court.

"SUMMARY: Amends constitution. Current law
imposes no lifetime term limits on judges; county judges
exercise legislative authority over matters of county con-
cern and may adjudicate certain cases; judges' terms last
six years, except some county judges who perform only non-
judicial functions serve four-year terms. Measure limits
municipal, county, circuit, Court of Appeals, Supreme
Court, and Tax Court judges to serving maximum of twelve
years on each of those types of court. Any service following
appointment or election to fill a vacancy in those positions
equals full term. Prohibits election to the foregoing posi-
tions, and prohibits appointments for filling vacancies, if
serving full term would violate limits. Only terms begin-
ning after measure's effective date count toward limits.
Imposes no limits for justice court judges. Other pro-
visions."

Petitioners assert that the caption and the summary of the
Attorney General's certified ballot title do not comply with
the applicable statutory requirements. We address their
argument concerning the caption first.

■      ORS 250.035(2)(a) directs the Attorney General to
include in a certified ballot title a caption of not more than 15
words (excluding, in instances such as the present one, the
words "amends constitution" if the proposed initiative meas-
ure would amend the Oregon Constitution). Those 15 words
shall "reasonably identif[y] the subject matter of the * * *
measure." Petitioners assert that the Attorney General's cap-
tion fails that test because it uses the words "term limits." In
fact, petitioners assert, the subject of the proposed initiative
measure is not a limit on terms *qua* terms. Instead, petition-
ers argue, the true subject of the proposed initiative measure

is a limit on the maximum number of *years* that a person will be permitted to serve in the particular judicial positions that are subject to the proposed measure.

We are not persuaded. As the Attorney General observes in his answering memorandum, the phrase "term limits" is one of common parlance that voters readily will understand to indicate that the proposed measure, if adopted, will set a "durational limit—whether expressed in terms of terms, years, days, or some other unit of measurement—on the length of time that a government official may serve in office." *See, e.g., Lehman v. Bradbury*, 333 Or 231, 244, 247, 249-50, 37 P3d 989 (2002) (using phrase "term limits" in that way to describe initiative measure that purported to limit number of years person could serve in certain state and federal offices). The Attorney General's caption substantially complies with ORS 250.035(2)(a). We turn to petitioners' challenges to the summary.

The summary is to contain "a concise and impartial statement of not more than 125 words summarizing the * * * measure and its major effect." ORS 250.035(2)(d). Petitioners assert that the summary in the Attorney General's certified ballot title is deficient in two respects. Their first argument is identical to that made with respect to the caption, and we reject it for the reasons expressed in our discussion of that issue.

Petitioners' second objection to the Attorney General's summary focuses on a single sentence in that summary: "Only terms beginning after the measure's effective date count toward limits." The corresponding wording in the proposed measure itself is found in subsection (4): "Only terms of service beginning after the effective date of this section shall count towards the limits of this section." Petitioners assert that it is not clear whether the reference to "terms of service" in subsection (4) refers to: "(1) a [particular] judge's [entire] tenure on the bench (rendering the proposed measure ineffective to sitting judges); or (2) a judge's elected or appointed term when the proposed measure takes effect." Petitioners then argue that the Attorney General has resolved the foregoing ambiguity, interpreting the proposed measure to have the second of the two possible meanings, not

the first. Relying on *Bartsch v. Kulongoski*, 322 Or 335, 339-40, 906 P2d 815 (1995), petitioners assert that the summary is flawed, because it is inappropriate for the Attorney General to make such an interpretive choice at this stage in the initiative process.

We disagree with petitioners' premise that the wording in question has two possible meanings. The first way that petitioners read subsection (4) is not tenable when the subsection is read in context. For example, subsection (2) of the proposed measure provides that a judge's "service" in filling a vacancy counts as a "full term." Similarly, subsection (3) of the proposed measure prohibits persons from being elected or appointed to judicial office if "serving" the "full term" resulting from that election or appointment would violate the proposed measure's 12-year limitation. Those contextual uses of the words "service" and "serving" with the phrase "full term" make it clear that the reference in subsection (4) to "terms of service" is a reference to the term of years (either four or six, depending on the judicial office) to which a judge may be elected. The Attorney General properly described the proposed initiative measure in that fashion. We find no error under ORS 250.035(2)(d).

Petitioners' challenges to the Attorney General's certified ballot title are not well taken. Accordingly, we certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: CREATES TERM LIMITS, FOR MUNICIPAL, COUNTY, CIRCUIT, COURT OF APPEALS, SUPREME COURT, TAX COURT JUDGES

RESULT OF "YES" VOTE: "Yes" vote limits judges (except justice court judges) to serving maximum twelve years on each type of court; service for filling vacancy equals full term.

RESULT OF "NO" VOTE: "No" vote rejects limiting judges (except justice court judges) to serving a maximum of twelve years on each type of court.

SUMMARY: Amends constitution. Current law imposes no lifetime term limits on judges; county judges exercise legislative authority over matters of county concern and may adjudicate certain cases; judges' terms last

six years, except some county judges who perform only non-judicial functions serve four-year terms. Measure limits municipal, county, circuit, Court of Appeals, Supreme Court, and Tax Court judges to serving maximum of twelve years on each of those types of court. Any service following appointment or election to fill a vacancy in those positions equals full term. Prohibits election to the foregoing positions, and prohibits appointments for filling vacancies, if serving full term would violate limits. Only terms beginning after measure's effective date count toward limits. Imposes no limits for justice court judges. Other provisions.

Ballot title certified.