Submitted on the record March 21, ballot title certified April 25, 2002

Edwin J. PETERSON,
Kris Kain, and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49242)

45 P3d 933

Steven C. Berman and Scott A. Shorr, of Stoll Stoll Berne Lokting & Shlachter, P.C., Portland, filed the petition for petitioner Edwin Peterson. With them on the petition was Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland, for petitioners Kris Kain and Tricia Bosak.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this ballot title review proceeding, petitioners challenge two aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 165 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review).

Initiative Petition 165 (2002) is a more limited version of Initiative Petition 170 (2002). The ballot title for Initiative Petition 170 (2002) was challenged in *Peterson v. Myers (S49308)*, 334 Or 48, 44 P3d 586 (2002). Petitioners in the present proceeding are the same petitioners who were before the court in that case, and petitioners' arguments in the present proceeding are the same as the arguments that they presented there. We reject those arguments for the same reasons that the court rejected them in the other proceeding.

We certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION: CREATES TERM LIMITS FOR OREGON'S COUNTY JUDGES, COURT OF APPEALS JUDGES, AND SUPREME COURT JUDGES

RESULT OF "YES" VOTE: "Yes" vote limits county, Court of Appeals, Supreme Court judges to serving maximum twelve years per court type; service for filling vacancy equals full term.

RESULT OF "NO" VOTE: "No" vote rejects limiting county, Court of Appeals, and Supreme Court judges to serving a maximum of twelve years on each type of court.

SUMMARY: Amends constitution. Current law imposes no lifetime term limits on county, appellate judges; county judges exercise legislative authority over matters of county concern and may adjudicate certain cases; county, appellate judges' terms last six years, except some county judges who perform only non-judicial functions serve four-year terms. Measure limits county, Court of Appeals, and Supreme Court judges to serving maximum of twelve years

per type of court. Any service following appointment or election to fill a vacancy in those positions equals full term. Prohibits election to the foregoing positions, and prohibits appointments for filling vacancies, if serving full term would violate limits. Only terms beginning after measure's effective date count toward limits. Imposes no limits for justice, municipal, circuit, tax court judges. Other provisions.

Ballot title certified.