Submitted on the record January 30, ballot title referred to Attorney General for modification March 23, ballot title certified April 13, 2006 (340 Or 412)

Gary J. STRAUBE
and Nathan Robert Rietmann,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53128) (Control)

Terrence W. McEVILLY,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC 53133)

Billy DALTO,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53134)
(Cases Consolidated)

132 P3d 658

James N. Gardner, Gardner and Gardner, Portland, filed the petition on behalf of petitioners Straube and Rietmann. With him on the petition was Lynda N. Gardner.

James M. Brown, Salem, filed the petition on behalf of petitioner McEvilly.

Billy Dalto, *in propria persona*, filed the petition for himself.

Anna M. Joyce, Assistant Attorney General, Salem, filed the answering memorandum on behalf of respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

RIGGS, J.

**RIGGS, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has designated Initiative Petition 112 (2006). The proposed measure seeks in part to provide health insurance to children in Oregon under the age of 19, using funds collected from taxes on tobacco products.

Petitioners are electors who timely submitted comments to the Secretary of State concerning the Attorney General's draft ballot title.[1] They therefore are entitled to seek review of the resulting certified ballot title in this court. ORS 250.085(2). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). Because we conclude that it does not, we refer the ballot title to the Attorney General for modification.

The measure proposes several statutory changes. It states that it would create an "Oregon Kids Program" in order "to provide health insurance coverage for all uninsured children under 19 years of age."[2] The Oregon Kids Program would seek to increase the number of children served under the state medical assistance program and the State Children's Health Insurance Program, and to increase the number of children receiving health insurance coverage under the Family Health Insurance Assistance Program (FHIAP). The measure also would create an Oregon Kids Program Fund, separate from the state General Fund, for the purpose of collecting funds so that the Department of Human Services (DHS) could implement and administer the Oregon Kids Program. Under the measure, DHS then could use the funds to pay for the health insurance costs of children enrolled in

---

[1] Several petitioners brought challenges to the Attorney General's certified ballot title. We have consolidated those proceedings for purposes of review and decision.

[2] Whether the measure, if enacted, in fact would succeed in providing health insurance coverage for "all" uninsured children under 19 years of age is unclear from the text of the measure, but it does propose to increase funding for children's health insurance and other forms of health insurance.

FHIAP. The measure also would require DHS to seek federal financial assistance for the Oregon Kids Program.

The proposed measure would fund the program by increasing taxes on tobacco products in two ways. Cigarette distributors would pay a tax on each cigarette distributed, starting at 20 mills in July 2007, increasing to 25 mills in July 2008, and increasing to 30 mills in July 2009. The money collected under that tax would be distributed as follows: 45 percent to the Oregon Health Plan Fund (five percent of which must be used to fund dental services for persons aged 19 or older); 40 percent to the Oregon Kids Program Fund; five percent to the Tobacco Use Reduction Account; four percent for administration of the FHIAP; three percent to the Oregon State Police for cigarette tax enforcement; and three percent to DHS to increase the reimbursement rate paid to physicians under a fee-for-services program described in ORS 414.725.

The proposed measure also would increase direct taxes on the consumers of tobacco products by amending an existing statute, ORS 323.505. Currently, those taxes are fixed at a rate of 65 percent of the wholesale price of the tobacco product (not to exceed 50 cents per cigar). ORS 323.505(2). The measure would raise that tax to 70 percent of the wholesale price in July 2007, to 75 percent in July 2008, and to 80 percent in July 2009 (again, with that tax not to exceed 50 cents per cigar). As to those revenues, the Oregon Kids Program would receive 7.14 percent between July 2007 and July 2008, 13.33 percent between July 2008 and July 2009, and 18.75 percent starting in July 2009.

The Attorney General certified the following ballot title for the proposed measure:

"PROVIDES HEALTH INSURANCE COVERAGE TO ALL CHILDREN UNDER AGE 19 BY RAISING TOBACCO PRODUCT TAXES

"RESULT OF 'YES' VOTE: 'Yes' vote provides health insurance for all children under age 19 funded in part by increasing tobacco taxes; funds other tobacco and health related programs.

"RESULT OF 'NO' VOTE: 'No' vote retains current health insurance programs that provide health care to particular low-income and other qualified children; maintains tobacco taxes at current levels.

"SUMMARY: Under current law, the state provides health insurance coverage to children who are eligible under three state-operated medical insurance programs. Measure creates the Oregon Kids Program to provide health insurance coverage for all uninsured children under age 19 and creates the Oregon Kids Program Fund, which retains interest earned by program and appropriates money for program administration. Measure creates process by which uninsured children obtain insurance coverage through one of three insurance programs: the state medical assistance program, the State Children's Health Insurance Program, or the Family Health Insurance Assistance Program. Program funded by new tax on tobacco product distributors and increasing taxes on wholesale price of tobacco products, and by requiring application to the federal government to obtain federal financial participation. Other provisions."

Petitioners challenge the caption, the result statements, and the summary of the certified ballot title. The Attorney General concedes that he erred in certifying the ballot title in two related respects: The certified caption and summary are identical to those found in the Attorney General's original draft ballot title. After he had received and considered comments on that draft ballot title, the Attorney General indicated that he would modify the caption and the summary. However, through a clerical error, the Attorney General mistakenly certified the original caption and summary rather than the modified ones. The Attorney General therefore asks that this court remand the case to him to correct those mistakes.

In addition to the foregoing, various petitioners raise other arguments, some of which have merit, as we discuss below.

## CAPTION

■ This court's task is to determine whether the ballot title substantially complies with the requirements of ORS 250.035. ORS 250.085(5). The caption is a statement of not

more than 15 words that reasonably identifies the subject matter of the measure. ORS 250.035(2)(a). Analysis of the subject matter of the proposal must be based on the text of the proposed measure. *See Earls v. Myers*, 330 Or 171, 175, 999 P2d 1134 (2000) (this court examines text of measure to determine whether caption accurately states subject matter of proposed initiative measure). The ballot title must not be worded in such a manner as to mislead the voters. *See, e.g., Mabon v. Myers*, 332 Or 633, 637, 33 P3d 988 (2001) (caption must identify subject matter of proposed measure in terms that will not confuse or mislead potential petition signers and voters).

As stated above, the certified caption[3] provides:

"PROVIDES HEALTH INSURANCE COVERAGE TO
ALL CHILDREN UNDER AGE 19 BY RAISING
TOBACCO PRODUCT TAXES"

■　　　Petitioners argue that the caption fails to comply with the requirements of ORS 250.035(2)(a). Petitioner McEvilly contends that the subject of the measure is increased tobacco taxes and that the caption's emphasis on "health insurance to all children" is misleading. We disagree with petitioner McEvilly's first point. The Attorney General's reference in the caption to the programs that the increased tax will fund, as well as to the tax increase itself, substantially complies with the requirement that the caption "reasonably identify the subject" of the measure, ORS 250.035(2)(a). We agree, however, with petitioner McEvilly's argument that the caption's reference to providing health care to children is misleading. For example, only 40 percent of the new taxes on cigarettes would go to the Oregon Kids Program Fund and another four percent would apply to

---

[3] The Attorney General indicates that the caption was supposed to state:

"PROVIDES HEALTH INSURANCE TO ALL CHILDREN UNDER AGE 19; RAISES TOBACCO TAXES; FUNDS OTHER PROGRAMS"

Of course, we must review the title that the Attorney General certified, not the one he wanted to certify. *See* ORS 250.085(8) (this court reviews "the title certified by the Attorney General"). However, we also have considered the parties' criticisms in light of the corrected ballot title that the Attorney General now expounds, to assist and expedite the Attorney General's task on remand. *See* ORS 250.085(7) (this court's review "shall be conducted expeditiously").

administering the FHIAP. On the other hand, 45 percent would go to the Oregon Health Plan Fund, the ultimate distribution of which is too complex or too uncertain from the face of the measure to be described only as "provid[ing] health insurance to all children." Thus, the Attorney General's decision to confine his description of the proposed measure's purpose respecting health care as affecting only children's health care is too limited. We conclude that the caption is misleading and therefore fails to substantially comply with the requirements of ORS 250.035(2)(a). It follows that the Attorney General's concession respecting the caption is well taken and that a remand to address the inadequacy of the caption is appropriate.[4]

■  Petitioners Straube and Rietmann object that the caption does not specify the exact amount of the tax increase. The Attorney General responds that the tax increases set out in this measure are complex and thus difficult to compress accurately to fit the 15-word limit that ORS 250.035(2)(a) imposes. We agree that the Attorney General's caption does not violate ORS 250.035(2)(a) for that reason.

## RESULT STATEMENTS

The "yes" vote result statement must be "[a] simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." ORS 250.035(2)(b). As stated above, the Attorney General's certified "yes" vote result statement provides:

> "RESULT OF 'YES' VOTE:  'Yes' vote provides health insurance for all children under age 19 funded in part by increasing tobacco taxes; funds other tobacco and health related programs."

The "no" vote result statement must be "[a] simple and understandable statement of not more than 25 words that describes the result if the state measure is rejected." ORS 250.035(2)(c). As stated above, the Attorney General's certified "no" vote result statement provides:

---

[4] We do not find our criticism of the certified caption to be apt with respect to the alternative caption that the Attorney General now advocates.

"RESULT OF 'NO' VOTE: 'No' vote retains current health insurance programs that provide health care to particular low-income and other qualified children; maintains tobacco taxes at current levels."

Petitioners Straube and Rietmann argue that the "yes" vote result statement is inadequate because it does not describe the proposed tax increase as a percentage of the current tax. As we noted with respect to the caption, it is difficult, given the space limitations, to describe all the complexity of the phased-in tax increases that the measure proposes. The result statements are not infirm for that reason.

The result statements are problematic for another reason. Petitioner McEvilly objects that both result statements are misleading because they overemphasize the subject of children's health insurance and underemphasize the proposed tax increase. Petitioner McEvilly's argument about references to tobacco taxes is not well taken. However, for the reasons stated above, we conclude that the reference to only children's health insurance in the "yes" vote result statement is misleading. It follows that the Attorney General's result statements fail to comply substantially with the requirements of ORS 250.035(2)(b).

## SUMMARY

The summary must be "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." ORS 250.035(2)(d). As noted above, the certified summary[5] states:

[5] The Attorney General states that he intended the summary to state:

"SUMMARY: Under current law, Oregon provides health insurance to children eligible under three state-operated medical insurance programs. Measure creates Oregon Kids Program to provide health insurance coverage for uninsured children under age 19 and creates Oregon Kids Program Fund, which retains interest earned by program and appropriates money for program administration. Measure creates process by which uninsured children obtain insurance coverage through one of three insurance programs. Program funded in part by imposing graduated tax increases on tobacco product distributors and on wholesale price of tobacco products. Revenue from increased tobacco taxes goes to multiple programs, including Oregon Kids Program, Oregon Health Plan, cigarette tax enforcement, and Tobacco Use Reduction Account. Measure requires application to the federal government to obtain federal financial participation. Other provisions."

"SUMMARY: Under current law, the state provides health insurance coverage to children who are eligible under three state-operated medical insurance programs. Measure creates the Oregon Kids Program to provide health insurance coverage for all uninsured children under age 19 and creates the Oregon Kids Program Fund, which retains interest earned by program and appropriates money for program administration. Measure creates process by which uninsured children obtain insurance coverage through one of three insurance programs: the state medical assistance program, the State Children's Health Insurance Program, or the Family Health Insurance Assistance Program. Program funded by new tax on tobacco product distributors and increasing taxes on wholesale price of tobacco products, and by requiring application to the federal government to obtain federal financial participation. Other provisions."

A ballot title summary must summarize the major effect of a measure. *Sizemore v. Myers*, 332 Or 417, 420, 29 P3d 1135 (2001). Petitioner McEvilly contends that the summary does not identify the major effect of the measure, which, in his view, would be to increase taxes on the distribution and consumption of tobacco products. That assertion is not well taken. For their part, petitioners Straube and Rietmann assert that the summary fails to disclose that most of the tax increase would be allocated to programs other than those providing children's health insurance coverage.

We agree that the sole emphasis on children's health insurance in the Attorney General's certified summary is misleading. Nowhere is there mention of the other programs. In our view, those programs must be discussed. It follows that we once again agree with a concession of the Attorney General: His certified summary fails to comply with the requirements of ORS 250.035(2)(d).

We pause at this point to note that the summary that the Attorney General now advocates also is insufficient. The alternative summary does not indicate how the tax revenues would be divided between the Oregon Health Plan and the Oregon Kids Program. For the reasons stated earlier, we conclude that the Attorney Generals' alternative summary is misleading and fails to summarize the measure's major

effect, which is to raise tobacco taxes to pay for several health insurance programs and other government programs.

Petitioners Straube and Rietmann argue that both summaries are inadequate because they fail to reveal the actual amount of the tax increase. The fiscal consequences of a measure may be its major effect. *See* ORS 250.035(2)(d) ("The fact that a measure does not itself mention its fiscal effects does not preclude the Attorney General from doing so."). The amount of the tax is a significant piece of information that a voter might need before making a decision whether to vote "yes" or "no." Some ballot titles and summaries have been quite specific in that regard. We conclude that, space permitting, the summary should contain information about the rates of the increase in tobacco taxes. We hold that the Attorney General's summary does not comply substantially with the requirements of ORS 250.035(2)(d).

Petitioners Straube and Rietmann also maintain that the tax is not only a tax on wholesale tobacco products, but also is in part a tax on retail consumers that distributors must collect. We do not find that additional argument to be so well taken as to require that the Attorney General further modify the summary, but we note that the Attorney General is entitled, if he wishes, to further consider the matter on remand.

For the foregoing reasons, we conclude that the Attorney General's certified ballot title fails to comply substantially with the requirements of ORS 250.035(2)(a), (b), (c), and (d). The ballot title must be remanded to the Attorney General for modification.

Ballot title referred to Attorney General for modification.