FILED: March 8, 2007



IN THE SUPREME COURT OF THE STATE OF OREGON



ROBERT STACEY,


Petitioner,


v.



HARDY MYERS,
Attorney General,
State of Oregon,


Respondent.




(SC S54219)



En Banc



On petition to review ballot title.



Submitted on the record January 17, 2007.



Margaret S. Olney, Smith, Diamond & Olney, Portland, filed the petition and the
reply memorandum for petitioner.



Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering
memorandum for respondent. With her on the answering memorandum were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor General.



WALTERS, J.



Ballot title referred to Attorney General for modification.






WALTERS, J.



This ballot title review proceeding brought under ORS 250.085(2) concerns
the Attorney General's certified ballot title for a proposed initiative measure that the
Secretary of State has denominated as Initiative Petition 46 (2008). The proposed
measure would permit a landowner to build a residence on property where zoning
restrictions now prohibit building a residence. This proposed measure is similar to the
proposed initiative measure that the Secretary of State has denominated as Initiative
Petition 45, but, unlike Initiative Petition 45, this proposed measure applies to all
property, while Initiative Petition 45 applies to only property zoned for exclusive farm
use. 



Petitioner is an elector who timely submitted written comments to the
Secretary of State concerning the Attorney General's draft ballot title and who therefore is
entitled to seek review in this court of the resulting certified ballot title. See ORS
250.085(2) (stating that requirement). We review the Attorney General's certified ballot
title to determine whether it substantially complies with the requirements of ORS
250.035(2)(a) to (d). ORS 250.085(5). For the reasons that follow, we conclude that the
certified ballot title fails to comply in several respects. We therefore refer the ballot title
to the Attorney General for modification.



Current law prohibits construction in violation of land use regulations. See
ORS 215.190 (prohibiting construction in violation of certain land use statutes); ORS
215.213, 215.283 (describing permitted uses of land zoned for exclusive farm use). The
proposed measure would permit a landowner to build a residence notwithstanding such
land use regulations if (1) a residence exists on a similarly zoned adjacent property; or (2)
a residence has been allowed on multiple similarly zoned properties anywhere within the
county. 



The Attorney General certified the following ballot title: 




"CREATES ENTITLEMENT TO BUILD A RESIDENCE NOTWITHSTANDING
OTHERWISE APPLICABLE LAND USE RESTRICTIONS, UNDER CERTAIN
CONDITIONS



"RESULT OF 'YES' VOTE: 'Yes' vote allows a residence to be built
on property if a residence is allowed on similar adjoining property or two
similarly-zoned county properties.



"RESULT OF 'NO' VOTE: 'No' vote retains current law, allows
government to grant exceptions or variances allowing a residence on some
properties without creating entitlement for all similar properties.



"SUMMARY: Under current law, governments may grant certain
exceptions or variances to allow a residence to be built where land use
regulations would not otherwise allow such a residence. Under such
provisions, for example, a residence may be approved in an exclusive farm
use zone under specified statutory criteria. The measure expands
circumstances where such a residence is allowed to include: (1) any
property adjoining a same or similarly-zoned property where a residence is
allowed; and (2) any property located in a county where two or more same
or similarly-zoned properties have been granted approval for a residence. 
The measure maintains all property line setback, building height, and waste
disposal restrictions, but the measure supersedes all contrary, pre-existing
land use regulations. Other provisions."




Petitioner challenges the "yes" vote result statement and the summary. The
"yes" vote result statement must be a "simple and understandable statement of not more
than 25 words that describes the result if the state measure is approved." ORS
250.035(2)(b). Petitioner objects that the Attorney General's "yes" vote result statement
does not inform voters that a "yes" vote would allow landowners to build residences
without regard to current land use regulations. Petitioner asserts that, although the
caption correctly captures that notion, the "yes" vote result statement fails to do so. The
Attorney General argues that the caption and the "yes" vote result statement should be
read together, particularly given the word limitations imposed by ORS 250.035(2)(b).



Where the concept to be communicated is key to an understanding of the
proposed measure and it is possible to include that concept within the word limitations,
the "yes" vote result statement, as well as the caption, should notify petition signers and
voters of that result. See Novick/Crew v. Myers, 337 Or 568, 574, 100 P3d 1064 (2004)
(purpose of "yes" vote result statement is to notify of result of enactment). Here, the
primary purpose of the proposed measure is to allow the construction of residences where
current land use regulations prohibit such construction. That key concept can be included
within the word limitation for the "yes" vote result statement, and we refer the proposed
measure to the Attorney General to make that modification. (1)



Petitioner also challenges several aspects of the summary. The summary
must be "[a] concise and impartial statement of not more than 125 words summarizing the
state measure and its major effect." ORS 250.035(2)(d). Petitioner first objects to the use
of exclusive farm use zoning as an example of a land use restriction that may prohibit
construction of a residence. Petitioner argues that, given the wording of the summary, the
insertion of the example creates confusion about whether the exceptions in the proposed
measure apply to only residences on property zoned for exclusive farm use or also apply
to override land use restrictions on property with other zoning. 



There is no doubt that the Attorney General may use examples in the
summary to "help voters understand what will happen if the measure is approved." Fred
Meyer, Inc. v. Roberts, 308 Or 169, 175, 777 P2d 406 (1989). The question presented is
whether the use of the example, in this instance, meets that standard. As previously
explained, and as the Attorney General agrees, the proposed measure, Initiative Petition
46, applies to all real property. The example that the Attorney General uses in the
summary illustrates the outcome of measure approval -- that residences may be built
where they are not now permitted -- by explaining that the proposed measure would
permit residences to be built in exclusive farm use zones. The example immediately
precedes a sentence that states that the measure expands circumstances where "such a
residence" is allowed. The phrase "such a residence" logically refers back to the example
of a residence built in an exclusive farm use zone. As a result, the example, as inserted,
can be read to narrow the applicability of the proposed measure to permit construction in
exclusive farm use zones. This narrowing is particularly significant because it is the
general applicability of this measure, Initiative Petition 46, that distinguishes it from the
similar proposed measure, Initiative Petition 45, which applies to only real property zoned
for exclusive farm use. The use of the example in this instance is confusing and even
possibly misleading. See Straube v. Myers, 340 Or 253, 262, 132 P3d 658 (2006)
(summary is misleading if it emphasizes only one aspect of measure). The Attorney
General must address that problem on referral.


Petitioner also argues that the summary suggests that the proposed measure
permits new residential construction only if a landowner can show that a county has taken
current action to approve residential construction on other similarly zoned property. 
Petitioner contends that the measure itself permits new residential construction if
residential construction has occurred in the past, with or without affirmative county
action.



We addressed a similar objection in our consideration of a challenge to the
Attorney General's certified ballot title for Initiative Petition 45, decided this date. There,
the present tense used in the certified ballot title ("is granted" and "are granted") strongly
suggested that the measure created an exception to land use restrictions only if other
landowners received a current variance to permit present or future construction. Stacey v.
Myers, ___ Or ___, ___ P3d ___ (March 8, 2007) (slip op at 5) (Initiative Petition 45
(2008)). In contrast, Initiative Petition 45 itself allowed an exception if residential
structures had been built or allowed in the past ("existing" residences and those that
"hav[e] been allowed"). Id. (slip op at 6). We concluded from that difference in
terminology that the summary was not accurate and referred the ballot title for
modification. Id.



The ballot title summary we consider here is different, but also problematic. 
The measure itself states that a landowner may build a new residence if there is an
"existing" residence on adjoining similarly zoned property. The summary states that a
landowner may build a new residence if a residence "is allowed" on adjoining similarly
zoned property. The summary's use of the present tense, "is allowed," can be understood
to mean that new construction is permitted only if a county takes affirmative action now
or in the future to grant an adjoining landowner a right to build a residence. The phrase
also may be interpreted to mean that the exception applies if a county merely acquiesces
and allows a residence to stand, whether or not the county takes or has taken affirmative
action to permit its construction. The phrase "is allowed" must be given the latter
meaning for the summary to explain accurately that the proposed measure permits new
construction where another residence "exists." 


Because a voter can understand the summary in two ways, only one of
which correctly reflects the meaning of the proposed measure, it does not accurately
summarize the measure. ORS 250.035(2)(d).


We conclude that there are respects in which the Attorney General's
certified ballot title does not comply substantially with the requirements of ORS
250.035(2)(b) and (d). We therefore refer it to the Attorney General for modification.


Ballot title referred to Attorney General for modification. 






1. 
Petitioner also objects to the "yes" vote result statement because it uses the term
"adjoining" instead of the word "adjacent." The proposed measure uses the word
"adjacent" in describing one of the bases for an exception to land use restrictions. As
explained previously, our role is limited to determining whether the Attorney General's
ballot title substantially complies with statutory requirements, and, judged against that
standard, the objection is not well taken. We are, however, for other reasons, referring
the ballot title to the Attorney General for modification. Should the Attorney General
find that it is preferable to use the same word in the ballot title as is used in the initiative
proposal, then the Attorney General is free to do so upon referral. See Mabon v. Myers,
332 Or 633, 640, 33 P3d 988 (2001) (Attorney General may, upon referral of ballot title,
modify parts of ballot title that court has determined substantially comply with statutory
requirement, if Attorney General finds modification is appropriate).

Return to previous location.