Submitted on the record January 17, ballot title referred to Attorney General for modification March 8, modified ballot title certified March 23, 2007 (342 Or 524)

Robert STACEY,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54218)

154 P3d 106

Margaret S. Olney, Smith, Diamond & Olney, Portland, filed the petition and the reply memorandum for petitioner.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

**BALMER, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 45 (2008). The proposed measure, which we describe in greater detail below, would permit owners of land zoned for exclusive farm use to build one (or, in some circumstances, two) single-family residences where current zoning restrictions generally prohibit such building.

Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who therefore is entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). In the present case, we conclude that the certified ballot title fails to comply in several respects. We therefore refer the ballot title to the Attorney General for modification.

Under current law, a landowner generally is not allowed to develop or sell for housing land that is zoned for "exclusive farm use." *See* ORS 215.213 and ORS 215.283 (describing permitted uses of land zoned for exclusive farm use). There are, however, exceptions to that general prohibition, including one for the construction of "[p]rimary or accessory dwellings customarily provided in conjunction with farm use." ORS 215.213(1)(g). One of the criteria for determining whether a dwelling is "customarily provided in conjunction with farm use" is that the land be used to produce farm income, and the applicable administrative rule currently provides that land is employed for "farm use" if the land "produced at least $80,000 in gross annual income from the sale of farm products in the last two years or three of the last five years[.]" OAR 660-033-0135(7)(a).

The proposed measure would alter the rules regarding the construction of dwellings on exclusive farm use land in several respects. First, the measure would eliminate the

farm income criterion as a condition for building a single-family residence on such land under the exception for dwellings "customarily provided in conjunction with farm use." Second, the measure would permit a landowner to build a single-family residence on the land if there is an existing residence on any similarly zoned adjacent land or if there are "multiple instances" in the same county of residential structures "having been allowed" on similarly zoned land. Third, the measure would permit the landowner to build a second single-family residence on the land if there is an existing second single-family residence on any similarly zoned adjacent land or if there are "multiple instances" in the same county of second residential structures on similarly zoned land. Fourth, the measure would permit a landowner who builds a second single-family residence to sell one of the two residences, as long as not less than one acre of land is included with the residence that is sold and the remaining parcel is not less than one acre in size.

The Attorney General certified the following ballot title:

### "ELIMINATES FARM INCOME CRITERION FOR FARM USE DWELLINGS; ALLOWS CERTAIN DWELLINGS WHERE ZONING OTHERWISE PROHIBITS

■ "RESULT OF 'YES' VOTE:   'Yes' vote eliminates farm income criterion for dwelling on farm land; allows dwelling otherwise prohibited if adjoining owner or two similarly-situated county owners qualify.

"RESULT OF 'NO' VOTE:   'No' vote retains current requirement that a farm generate income for dwelling in conjunction with farm use to be built; retains current zoning, variance standards.

"SUMMARY:   Under current law, a dwelling may be sited on land zoned for exclusive farm use if (among other exceptions) a dwelling is 'customarily allowed in conjunction with farm use.' Criterion for measuring customary farm use is the generation of a minimum amount of farm income. Proposed measure would eliminate any such farm income criterion, and would allow a dwelling on land suitable for exclusive farm use that is not used to generate farm income. Proposed measure would also allow exceptions to established zoning restrictions for building a dwelling if an

adjoining neighbor with similar zoning is granted an exception or variance, or if two other similarly-situated properties in same county are granted exceptions or variances to allow building an otherwise prohibited dwelling. Other provisions."

Petitioner challenges the "yes" vote result statement, the "no" vote result statement, and the summary. We have considered petitioner's challenge to the "yes" vote result statement and conclude that petitioner's specific objections are not well-taken.[1] As to petitioner's challenge to the "no" vote result statement, we agree with petitioner's objection to the statement that, if the measure is rejected, the result would be to retain the "current requirement that a farm generate income for dwelling in conjunction with farm use to be built." To the extent that the quoted text is comprehensible at all, it appears to suggest that, under current law, a dwelling is permitted on land zoned for exclusive farm use only if the land generates income. Current law, however, provides a number of exceptions to the general prohibition on dwellings on exclusive farm use land, only one of which requires that the land have produced any particular level of income from the sale of farm products. Other exceptions allow a dwelling to be constructed for a relative of the farm operator who will help operate the farm, ORS 215.283(1)(e), or as an "accessory dwelling" for farm workers not related to the farm operator. ORS 215.278. The "no" vote result statement, by suggesting that the requirement of generating farm income is a part of all the existing exceptions to the general prohibition on building a dwelling on exclusive farm use land, is not an accurate statement of the result if voters reject the measure. *See* ORS 250.035(2)(c) (setting out requirements for "no" vote result statement).

---

[1] We note, however, that, because we agree with petitioner's challenges to the "no" vote result statement and to the summary, the ballot title will be referred to the Attorney General for modification. In the course of modifying the ballot title, the Attorney General may wish to consider petitioner's arguments with respect to the "yes" vote result statement and, if he finds it appropriate, to make changes in response to those arguments. *See Mabon v. Myers*, 332 Or 633, 640, 33 P3d 988 (2001) (Attorney General may, upon referral of ballot title, modify parts of ballot title that court has determined substantially comply with statutory requirements, if Attorney General finds modification is appropriate).

■ We turn to the ballot title summary, which must be "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." ORS 250.035(2)(d). Petitioner argues that the summary fails accurately to summarize the measure and its major effect in several respects. We agree with two of petitioner's arguments. First, the summary states that the measure would allow a landowner to build a single-family residence if "an adjoining neighbor with similar zoning *is granted* an exception or variance, or if two similarly-situated properties in the same county *are granted* exceptions or variances to allow building an otherwise prohibited dwelling." (Emphasis added.) Petitioner notes that the emphasized words suggest that the exceptions apply only if other landowners receive a variance from a present or future regulation. However, the measure itself provides that a landowner may build a residence if there is "an *existing* residential structure" on adjacent, similarly zoned land or if "there are multiple instances in the same county of residential structures *having been* allowed" on similarly zoned land. (Emphasis added.)

We agree with petitioner that the use of the phrases "is granted" and "are granted" in the certified summary, both of which are in the present tense, strongly suggests to the reader that the measure creates an exception to land use restrictions only if other landowners receive an exception or variance now or in the future. The measure itself, however, would permit exceptions in the two circumstances described above: when other landowners have "existing" residential structures, and when there are multiple instances of residential structures "having been allowed." Both those exceptions appear to refer to structures that were built in the past, in addition to new structures. An accurate summary would convey the fact that the measure grants exceptions based on other residences that were constructed in the past—"existing" residences and those that "hav[e] been allowed"—as well as on those that may be constructed in the future.

Petitioner also argues that the summary of the certified ballot title is inadequate because it fails to mention that the proposed measure authorizes the building of *two* residences on a piece of land and the sale of one of those residences. The Attorney General does not respond directly to

petitioner's argument regarding the building of a second residence. As to the possible sale of one of the residences, the Attorney General agrees that "transferability" is an effect of the measure, but disagrees that it is a "major effect" within the context of the other changes that the proposed measure would make.

We agree with petitioner. Current law permits the construction of residences on land that is zoned for exclusive farm use only in a few specific circumstances. *See, e.g.*, ORS 215.283(1)(f) (primary or accessory dwelling in conjunction with farm use); ORS 215.283(1)(e) (dwelling for use of farm operator's relative). The proposed measure would permit construction of a "second" single-family residence (not to mention a "first" single-family residence) if adjacent, similarly zoned land or multiple parcels of similarly zoned land in the county have such residential structures. It also would permit the landowner to sell one of those residences. Those are both significant changes to existing law and must be described, in some manner, in the summary.

We conclude that the Attorney General's "no" vote result statement and the summary do not comply substantially with the requirements of ORS 250.035(2)(c) and (d). The certified ballot title therefore must be referred to the Attorney General for modification.

Ballot title referred to Attorney General for modification.