Submitted on the record January 17, ballot title referred to Attorney General for modification March 8, modified ballot title certified March 23, 2007 (342 Or 524)

Robert STACEY,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54219)

154 P3d 109

Margaret S. Olney, Smith, Diamond & Olney, Portland, filed the petition and the reply memorandum for petitioner.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

WALTERS, J.

**WALTERS, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 46 (2008). The proposed measure would permit a landowner to build a residence on property where zoning restrictions now prohibit building a residence. This proposed measure is similar to the proposed initiative measure that the Secretary of State has denominated as Initiative Petition 45, but, unlike Initiative Petition 45, this proposed measure applies to all property, while Initiative Petition 45 applies to only property zoned for exclusive farm use.

Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who therefore is entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). For the reasons that follow, we conclude that the certified ballot title fails to comply in several respects. We therefore refer the ballot title to the Attorney General for modification.

Current law prohibits construction in violation of land use regulations. *See* ORS 215.190 (prohibiting construction in violation of certain land use statutes); ORS 215.213, ORS 215.283 (describing permitted uses of land zoned for exclusive farm use). The proposed measure would permit a landowner to build a residence notwithstanding such land use regulations if (1) a residence exists on a similarly zoned adjacent property; or (2) a residence has been allowed on multiple similarly zoned properties anywhere within the county.

The Attorney General certified the following ballot title:

"CREATES ENTITLEMENT TO BUILD A RESIDENCE
NOTWITHSTANDING OTHERWISE APPLICABLE
LAND USE RESTRICTIONS, UNDER
CERTAIN CONDITIONS

■ "RESULT OF 'YES' VOTE: 'Yes' vote allows a residence to be built on property if a residence is allowed on similar adjoining property or two similarly-zoned county properties.

"RESULT OF 'NO' VOTE: 'No' vote retains current law, allows government to grant exceptions or variances allowing a residence on some properties without creating entitlement for all similar properties.

"SUMMARY: Under current law, governments may grant certain exceptions or variances to allow a residence to be built where land use regulations would not otherwise allow such a residence. Under such provisions, for example, a residence may be approved in an exclusive farm use zone under specified statutory criteria. The measure expands circumstances where such a residence is allowed to include: (1) any property adjoining a same or similarly-zoned property where a residence is allowed; and (2) any property located in a county where two or more same or similarly-zoned properties have been granted approval for a residence. The measure maintains all property line setback, building height, and waste disposal restrictions, but the measure supersedes all contrary, pre-existing land use regulations. Other provisions."

Petitioner challenges the "yes" vote result statement and the summary. The "yes" vote result statement must be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." ORS 250.035(2)(b). Petitioner objects that the Attorney General's "yes" vote result statement does not inform voters that a "yes" vote would allow landowners to build residences without regard to current land use regulations. Petitioner asserts that, although the caption correctly captures that notion, the "yes" vote result statement fails to do so. The Attorney General argues that the caption and the "yes" vote result statement should be read together, particularly given the word limitations imposed by ORS 250.035(2)(b).

■ Where the concept to be communicated is key to an understanding of the proposed measure and it is possible to include that concept within the word limitations, the "yes" vote result statement, as well as the caption, should notify

petition signers and voters of that result. *See Novick / Crew v. Myers*, 337 Or 568, 574, 100 P3d 1064 (2004) (purpose of "yes" vote result statement is to notify of result of enactment). Here, the primary purpose of the proposed measure is to allow the construction of residences where current land use regulations prohibit such construction. That key concept can be included within the word limitation for the "yes" vote result statement, and we refer the proposed measure to the Attorney General to make that modification.[1]

Petitioner also challenges several aspects of the summary. The summary must be "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." ORS 250.035(2)(d). Petitioner first objects to the use of exclusive farm use zoning as an example of a land use restriction that may prohibit construction of a residence. Petitioner argues that, given the wording of the summary, the insertion of the example creates confusion about whether the exceptions in the proposed measure apply to only residences on property zoned for exclusive farm use or also apply to override land use restrictions on property with other zoning.

There is no doubt that the Attorney General may use examples in the summary to "help voters understand what will happen if the measure is approved." *Fred Meyer, Inc. v. Roberts*, 308 Or 169, 175, 777 P2d 406 (1989). The question presented is whether the use of the example, in this instance, meets that standard. As previously explained, and as the Attorney General agrees, the proposed measure, Initiative Petition 46, applies to all real property. The example that the

---

[1] Petitioner also objects to the "yes" vote result statement because it uses the term "adjoining" instead of the word "adjacent." The proposed measure uses the word "adjacent" in describing one of the bases for an exception to land use restrictions. As explained previously, our role is limited to determining whether the Attorney General's ballot title substantially complies with statutory requirements, and, judged against that standard, the objection is not well taken. We are, however, for other reasons, referring the ballot title to the Attorney General for modification. Should the Attorney General find that it is preferable to use the same word in the ballot title as is used in the initiative proposal, then the Attorney General is free to do so upon referral. *See Mabon v. Myers*, 332 Or 633, 640, 33 P3d 988 (2001) (Attorney General may, upon referral of ballot title, modify parts of ballot title that court has determined substantially comply with statutory requirement, if Attorney General finds modification is appropriate).

Attorney General uses in the summary illustrates the outcome of measure approval—that residences may be built where they are not now permitted—by explaining that the proposed measure would permit residences to be built in exclusive farm use zones. The example immediately precedes a sentence that states that the measure expands circumstances where "such a residence" is allowed. The phrase "such a residence" logically refers back to the example of a residence built in an exclusive farm use zone. As a result, the example, as inserted, can be read to narrow the applicability of the proposed measure to permit construction in exclusive farm use zones. This narrowing is particularly significant because it is the general applicability of this measure, Initiative Petition 46, that distinguishes it from the similar proposed measure, Initiative Petition 45, which applies to only real property zoned for exclusive farm use. The use of the example in this instance is confusing and even possibly misleading. *See Straube v. Myers*, 340 Or 253, 262, 132 P3d 658 (2006) (summary is misleading if it emphasizes only one aspect of measure). The Attorney General must address that problem on referral.

Petitioner also argues that the summary suggests that the proposed measure permits new residential construction only if a landowner can show that a county has taken current action to approve residential construction on other similarly zoned property. Petitioner contends that the measure itself permits new residential construction if residential construction has occurred in the past, with or without affirmative county action.

We addressed a similar objection in our consideration of a challenge to the Attorney General's certified ballot title for Initiative Petition 45, decided this date. There, the present tense used in the certified ballot title ("is granted" and "are granted") strongly suggested that the measure created an exception to land use restrictions only if other landowners received a current variance to permit present or future construction. *Stacey v. Myers (S54218)*, 342 Or 437, 442, 154 P3d 106 (2007) (Initiative Petition 45 (2008)). In contrast, Initiative Petition 45 itself allowed an exception if residential structures had been built or allowed in the past ("existing" residences and those that "hav[e] been allowed").

*Id.* at 442. We concluded from that difference in terminology that the summary was not accurate and referred the ballot title for modification. *Id.*

The ballot title summary we consider here is different, but also problematic. The measure itself states that a landowner may build a new residence if there is an "existing" residence on adjoining similarly zoned property. The summary states that a landowner may build a new residence if a residence "is allowed" on adjoining similarly zoned property. The summary's use of the present tense, "is allowed," can be understood to mean that new construction is permitted only if a county takes affirmative action now or in the future to grant an adjoining landowner a right to build a residence. The phrase also may be interpreted to mean that the exception applies if a county merely acquiesces and allows a residence to stand, whether or not the county takes or has taken affirmative action to permit its construction. The phrase "is allowed" must be given the latter meaning for the summary to explain accurately that the proposed measure permits new construction where another residence "exists."

Because a voter can understand the summary in two ways, only one of which correctly reflects the meaning of the proposed measure, it does not accurately summarize the measure. ORS 250.035(2)(d).

We conclude that there are respects in which the Attorney General's certified ballot title does not comply substantially with the requirements of ORS 250.035(2)(b) and (d). We therefore refer it to the Attorney General for modification.

Ballot title referred to Attorney General for modification.